1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    STEPHEN VINCENT HUBBARD,            No. CIV S-09-2162-FCD-CMK

12                 Plaintiff,

13         vs.                            <u>ORDER</u>

14    CALIFORNIA DEPARTMENT OF
      CORRECTIONS, et al.,
15
                 Defendants.
16    _____/

17              Plaintiff, a former state prisoner proceeding in pro se, brings this civil rights

18    action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19              The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21    § 1915A(a).  The court is also required to screen complaints brought by litigants who have been

22    granted leave to proceed in forma pauperis.  <u>See</u> 28 U.S.C. § 1915(e)(2).  Under these screening

23    provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or

24    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

25    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(A), (B) and

26    1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must

1

dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ."  Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

In this case, Plaintiff is challenging the terms of his parole.  He does not appear to be challenging the legality of his custody nor does he appear to contend that he is entitled to an earlier or immediate release.  Instead, he appears to be challenging the conditions of his parole, much like a prisoner might challenge the conditions of his confinement.  While he might be able to state a claim under 28 U.S.C. § 1983, the only defendant he has named is the California Department of Corrections.

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).   A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

The Eleventh Amendment also bars actions seeking damages from state officials acting in their official capacities.  See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam).  The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities.  See id. Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities.  See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).  The Eleventh Amendment also does not bar suits against cities and counties.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.54 (1978).

1   As the only defendant named in the complaint is immune, the complaint must be

2   dismissed.  In order to continue in this matter, Plaintiff must name a non-immune defendant in

3   which to proceed against.

4   **C.   Conclusion**

5   Because it is possible that the deficiencies identified in this order may be cured by

6   amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

7   action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

8   informed that, as a general rule, an amended complaint supersedes the original complaint.  See

9   Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

10  amend, all claims alleged in the original complaint which are not alleged in the amended

11  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

12  plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

13  plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must

14  be complete in itself without reference to any prior pleading.  See id.

15  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

16  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

17  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

18  each named defendant is involved, and must set forth some affirmative link or connection

19  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

20  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

21  Finally, plaintiff is warned that failure to file an amended complaint within the

22  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

23  1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to

24  comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule

25  41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

26  / / /

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed with leave to amend; and

2.      Plaintiff shall file an amended complaint within 30 days of the date of service of this order.


DATED: February 11, 2010

_Craig M. Kellison_
_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4